Case 1:17-cv-00120   Document 5   Filed on 06/27/17 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **JOSE ISNARDO ZUNIGA-RAMIREZ,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:17-120 |
| § | Criminal No. B:15-293-1 |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 5, 2017, Petitioner Jose Isnardo Zuniga-Ramirez filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be dismissed as untimely or, in the alternative, denied as meritless.

### I. Procedural and Factual Background

On April 7, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Zuniga-Ramirez for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Zuniga-Ramirez, Criminal No. 1:15-293-1, Dkt. No. 6 (hereinafter "CR").

---

[1] While the indictment alleged that Zuniga-Ramirez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

### A. Re-Arraignment

On April 14, 2015, Zuniga-Ramirez appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 10.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Zuniga-Ramirez's guilty plea. CR Dkt. No. 10.

On July 23, 2015, the District Judge adopted the report and recommendation, accepting Zuniga-Ramirez's plea of guilty. CR Dkt. No. 21.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Zuniga-Ramirez was assessed a base offense level of eight. CR Dkt. No. 15, pp. 4-5. He was also assessed a 16-level enhancement for a prior drug trafficking convictions – a 2009 state conviction for unlawful delivery of a controlled substance. Id. He also received a three-level reduction for acceptance of responsibility. Id. Thus, Zuniga-Ramirez was assessed a total offense level of 21. Id.

Regarding his criminal history, Zuniga-Ramirez had six adult criminal convictions and was assessed nine criminal history points, resulting in a criminal history category of IV. CR Dkt. No. 15, p. 7-11. An offense level of 21 and criminal history category of V, produced a sentencing guideline imprisonment range of 57 to 71 months.

On July 23, 2016, the Court held the sentencing hearing. CR Dkt. No. 30. At that hearing, Zuniga-Ramirez's counsel sought a downward departure, citing the fact that the only reason Zuniga-Ramirez re-entered the country was because his teenage son had gotten into criminal trouble.[2] CR Dkt. No. 30. The Court denied the requested downward departure because of "the significant criminal history in the last ten years of the defendant." Id, p. 6.

The Court sentenced Zuniga-Ramirez to 60 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted.

---

[2] In his brief, Zuniga-Ramirez mistakenly identifies his attorney as Philip Gallagher. Dkt. No. 1. Gallagher was the attorney who filed the petition for writ of certiorari on Zuniga-Ramirez's behalf. Zuniga-Ramirez was represented by a different counsel at trial and in his appeal to the Fifth Circuit.

CR Dkt. No. 30, p. 6. The judgment was entered on August 6, 2015. CR Dkt. No. 27.

### C. Direct Appeal

Zuniga-Ramirez timely filed a notice of direct appeal. CR Dkt. No. 22.

On appeal, Zuniga-Ramirez attacked the 16-level sentencing enhancement. He argued that there was a possibility that a defendant could be convicted for possession, with intent to distribute, under Texas law under factual circumstances that would not qualify as a federal drug trafficking offense. CR Dkt. No. 36. He also argued that there was no proof of remuneration or commercial activity associated with his previous drug conviction. Id.

On February 17, 2016, the Fifth Circuit affirmed Zuniga-Ramirez's conviction. CR Dkt. No. 36.

On April 18, 2016, the Supreme Court denied Zuniga-Ramirez's petition for writ of certiorari. Dkt. No. 37. His conviction became final on that date. Clay v. U.S., 537 U.S. 522, 532 (2003).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 5, 2017, Zuniga-Ramirez filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Zuniga-Ramirez raised several claims, which the Court restates as three claims: (1) his lawyer was ineffective because he "did not present the personal circumstances that brought me back to the United States;" (2) his lawyer was ineffective because he did receive the benefit of the "fast track" program; (3) his lawyer promised him that he would not receive the 16-level enhancement for a drug trafficking conviction because "the commercial purpose was not proven."

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Zuniga-Ramirez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

3

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in

4

any additional incarceration. <u>Glover v. U.S.</u>, 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." <u>U.S. v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Zuniga-Ramirez's claim, the Court is required to construe allegations by <u>pro se</u> litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). While the Court will "read <u>pro se</u> complaints liberally, <u>pro se</u> litigants must still comply with the law and procedural rules." <u>Washington v. E. Baton Rouge Par. Sch. Sys.</u>, 471 F. App'x 306 (5th Cir. 2012).

**A. Timeliness**

Zuniga-Ramirez's § 2255 motion is untimely filed and should be denied on that basis.

On April 18, 2016, the Supreme Court denied Zuniga-Ramirez's petition for a <u>writ of certiorari</u>. CR Dkt. No. 37. Zuniga-Ramirez's conviction became final on that date. <u>U.S. v. Olvera</u>, 775 F.3d 726, 729 (5th Cir. 2015) ("A judgment of conviction becomes final under § 2255(f)(1) when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a <u>writ of certiorari</u>, or when the time for filing a <u>certiorari</u> petition expires.") (internal quotations omitted).

A defendant must file a § 2255 motion within one year of his conviction becoming final. 28 U.S.C. § 2255(f)(1). Thus, Zuniga-Ramirez had until April 18, 2017, to timely file his § 2255 petition.

Zuniga-Ramirez certifies that he placed his motion into the prison mail system on May 26, 2017. Dkt. No. 1, p. 12. Pursuant to the "prison mailbox" rule, a motion submitted by

a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Accordingly, after taking into account the prison mailbox rule, Zuniga-Ramirez's § 2255 motion was filed more than a month beyond the statutory period.

Furthermore, equitable tolling is not justified by the record. Zuniga-Ramirez asserts that his petition was untimely because his attorney "promised to me" after the sentencing hearing that "he was going to file some motion to the court" regarding "the 16-level enhancement." Dkt. No. 1, p. 10. His attorney filed exactly such a motion; on direct appeal, Zuniga-Ramirez's appellate counsel argued that the 16-level enhancement should not apply. This argument was rejected by the Fifth Circuit. CR Dkt. No. 36. Zuniga-Ramirez was not misled by his attorney; thus, there is no basis for equitable tolling.

Accordingly, Zuniga-Ramirez's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. "Personal Circumstances"

Zuniga-Ramirez asserts that his lawyer was ineffective because he "did not present the personal circumstances that brought me back to the United States." This claim is belied by the record and is meritless.

At the sentencing hearing, Zuniga-Ramirez's counsel sought a downward departure, citing the fact that the only reason Zuniga-Ramirez re-entered the country was because his teenage son had gotten into criminal trouble. CR Dkt. No. 30. His lawyer even provided the Court with letters from Zuniga-Ramirez's family, explaining the circumstances. Id, pp. 4-5. Moreover, Zuniga-Ramirez stated at his sentencing "[t]hat I'm sorry for having returned illegally, and I just did it for one reason, my son." Id., p. 6.

Thus, the record clearly establishes that Zuniga-Ramirez's attorney did present to the Court the personal circumstances that led Zuniga-Ramirez to illegally return to this country and sought a downward departure on that basis. The Court rejected this argument. The fact that an argument was ultimately unsuccessful does not mean counsel was ineffective. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a

particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness."). This claim is meritless and should be denied.

### C. "Fast Track"

Zuniga-Ramirez claims his lawyer was ineffective because Zuniga-Ramirez did receive the benefit of the "fast track" program. This claim, also, is meritless and should be denied.

The fast track program is found at U.S.S.G. § 5K3.1. It allows the Government to create a program to give defendants credit for entering an early guilty plea pursuant to a written agreement. U.S. v. Gomez-Herrera, 523 F.3d 554, 558, n. 1 (5th Cir. 2008) (using fast track as a synonym for relief pursuant to U.S.S.G. § 5K3.1). The Sentencing Guidelines explicitly state that such a departure can only be made, "[u]pon motion of the Government." U.S.S.G. § 5K3.1. The decision as to whether a defendant is fast-tracked is within the sole discretion of the United States Attorney. Mercado-Zapata v. U.S., 2012 WL 3846432, *3 (N.D. Tex 2012) (unpubl.) (citing § 5K3.1). Fast track is available in every federal court, provided the defendant meets certain criteria. Memorandum From James M. Cole on Department Policy on Early Disposition or "Fast–Track" Programs (Jan. 31, 2012), available at http://www.justice.gov/dag/fast-track-program.pdf (hereafter "Cole Memo").

There are two limitations, as to eligibility for "fast track" disposition, that rebut Zuniga-Ramirez's expectation that he would receive it. First, the Government limits fast track eligibility where a defendant has prior felony convictions. Defendants with such prior convictions are ineligible for fast track. Cole Memo at 3. Zuniga-Ramirez had a prior drug trafficking conviction, which rendered him ineligible for fast track.

Finally, a defendant must enter into a written plea agreement to receive fast track credit. Cole Memo at 3. Zuniga-Ramirez did not enter into such an agreement.

In short, Zuniga-Ramirez's lawyer was not ineffective for failing to secure Zuniga-Ramirez's participation in a program for which he was ineligible. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections."). This claim should be denied.

### D. Sentencing Enhancement

Zuniga-Ramirez claims that his lawyer promised him that he would not receive the 16-level enhancement for a drug trafficking conviction, because "the commercial purpose was not proven." This claim is belied by the record and should be denied.

Zuniga-Ramirez does not state exactly when this conversation took place. It could not have taken place prior to Zuniga-Ramirez's re-arraignment, because at that hearing, Zuniga-Ramirez stated under oath that no one had "promised" him anything "to give up [his] rights and plead guilty." CR Dkt. No. 32, p. 31. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Thus, the alleged promise could not have caused Zuniga-Ramirez's guilty plea.

Furthermore, if the conversation took place after Zuniga-Ramirez's re-arraignment, then Zuniga-Ramirez was not prejudiced by it. Zuniga-Ramirez's trial counsel filed a notice of appeal. CR Dkt. No. 22. Zuniga-Ramirez's appellate counsel raised the issue of the 16-level enhancement on appeal. CR Dkt. No. 36. The Fifth Circuit affirmed the conviction. Id. Thus, the issue was addressed and the Court of Appeals ruled that the 16-level enhancement was correctly applied.

Because the issue was raised and addressed on direct appeal, it cannot be raised in these proceedings. "Challenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." U.S. v. Fields, 761 F.3d 443, 463 n. 12 (5th Cir. 2014), as revised (Sept. 2, 2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (citing U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)). Accordingly, this argument is foreclosed by the appellate court's earlier decision and the 16-level enhancement is not subject to challenge in these proceedings. For those reasons, this claim should be denied.

## IV. Recommendation

WHEREFORE it is recommended that the Petitioner Jose Isnardo Zuniga-Ramirez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as untimely filed, or alternatively, denied as meritless for the reasons set forth above.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Zuniga-Ramirez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Zuniga-Ramirez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on June 27, 2017.

*[signature]*
_____
Ronald G. Morgan
United States Magistrate Judge